24-1640-ag
Peralta Taveras v. Blanche

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-six.

PRESENT:  DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
          STEVEN J. MENASHI,
              *Circuit Judges.*

------------------------------------------------------------------

JULIO ANTONIO PERALTA
TAVERAS,

        *Petitioner,*

    v.                                            No. 24-1640-ag

TODD BLANCHE, ACTING
UNITED STATES ATTORNEY
GENERAL,

        *Respondent.*\*

------------------------------------------------------------------

---

\* The Clerk of Court is respectfully directed to amend the caption as set forth above. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Acting Attorney General Todd Blanche is automatically substituted for former Attorney General Pamela Bondi as Respondent.

FOR PETITIONER:                                        LUKE MILLAR, The Legal Aid Society, New York, NY (Kerry Q. Battenfeld, Jillian E. Nowak, Prisoners' Legal Services of New York, Buffalo, NY, *on the brief*)

FOR RESPONDENT:                                   MARGOT L. CARTER, Senior Litigation Counsel, Criminal Immigration Team (Brett A. Shumate, Assistant Attorney General, Civil Division, Lindsay B. Glauner, Assistant Director, Criminal Immigration Team, Office of Immigration Litigation, *on the brief*), United States Department of Justice, Civil Division, Washington, DC

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED in part and DISMISSED in part.

Petitioner Julio Antonio Peralta Taveras, a native of the Dominican Republic, seeks review of a May 22, 2024 BIA decision dismissing his appeal from an order of an Immigration Judge ("IJ") denying Peralta's motion to terminate his removal proceedings and ordering him removed. Peralta, a lawful permanent resident, primarily contends that the BIA erred when it classified him

as an alien seeking "admission" pursuant to 8 U.S.C. § 1101(a)(13)(C)(v) upon his re-entry into the United States in January 2016. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision.

When the BIA affirms an IJ's decision and modifies or supplements it, "we review the decision of the IJ as [modified or] supplemented by the BIA." *Chen v. Bd. of Immigr. Appeals*, 435 F.3d 141, 144 (2d Cir. 2006). We review the agency's legal determinations *de novo* and its findings of fact for substantial evidence. *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021). Where, as here, the Government bears the burden of proving its case against the petitioner by "clear and convincing evidence," our review for substantial evidence allows us to grant a petition for review only if "any rational trier of fact would be compelled to conclude" that the Government failed to meet its burden. *Francis v. Gonzales*, 442 F.3d 131, 138–39 (2d Cir. 2006). We limit our review to "only those issues that formed the basis for" the agency's decision. *Lau v. Bondi*, 130 F.4th 42, 49 (2d Cir. 2025), *cert. granted sub nom. Bondi v. Lau*, No. 25-429, 2026 WL 73094 (U.S. Jan. 9, 2026) (quotation marks omitted).

A lawful permanent resident returning to the United States from abroad "shall not be regarded as seeking an admission into the United States for

3

purposes of the immigration laws" unless he "has committed an offense identified in section 1182(a)(2) of this title." 8 U.S.C. § 1101(a)(13)(C)(v). Section 1182(a)(2) renders inadmissible "any alien convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of . . . a violation of . . . any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 802 of Title 21)." *Id.* § 1182(a)(2)(A)(i)(II). The Government bears the burden of proving by clear and convincing evidence that a lawful permanent resident reentering the United States should be classified as seeking admission. *Lau*, 130 F.4th at 47.

When Peralta reentered the United States in January 2016, United States Customs and Border Patrol ("CBP") officers conducted a criminal record search for Peralta in the Treasury Enforcement Communications System, which revealed that Peralta had pleaded guilty to a narcotics offense in a New York State court and was awaiting sentencing on that conviction. When the officers questioned Peralta, he admitted under oath that in 2013 police officers in Baldwin, New York found cocaine in his car; that the cocaine belonged to him; and that he had planned both to sell the cocaine and to use it personally. Peralta further admitted that he had pleaded guilty to the underlying offense in state

4

court, had spent 40 days in jail, and was serving a term of probation. Relying both on Peralta's guilty plea in state court and his admission to CBP officers, the BIA determined that Peralta was properly classified as seeking admission because he had committed a state law drug crime.

Although it is undisputed that Peralta had pleaded guilty to the state charge by the time of his re-entry and admitted to the same at the port of entry, he contends that the BIA erred in classifying him as seeking admission because final judgment had not yet been entered in state court and his charge was later dismissed. We are not persuaded by this argument. Section § 1101(a)(13)(C)(v) does not require that the lawful permanent resident be convicted of a predicate crime for the Government to classify him as seeking admission; the BIA need only find that he "committed" a predicate crime. *See Centurion v. Sessions*, 860 F.3d 69, 77 (2d Cir. 2017) (observing that for purposes of section 1101(a)(13)(C)(v), "the legal consequences of a lawful permanent resident's commission of a drug offense attach at the time of commission," not the entry of a judgment of conviction). It is true that "in practice" the Government will typically rely on the existence of a conviction to meet its burden of showing that a lawful permanent resident has committed a crime; but it may also rely on an "admission of guilt." *Lau*, 130 F.4th at 47 (quotation marks omitted); *see Vartelas*

5

*v. Holder*, 566 U.S. 257, 275 n.11 (2012) (noting that section 1101(a)(13)(C)(v) "advert[s] to a lawful permanent resident who has been convicted of an offense under § 1182(a)(2)" or "admits to one"). We therefore see no error in the BIA's consideration of Peralta's admission and his guilty plea (notwithstanding the later dismissal of the charge against him) for purposes of deciding whether Peralta had "committed" the underlying offense. 8 U.S.C. § 1101(a)(13)(C)(v).

Nor do we assign error to the Government's decision to amend Peralta's Notice to Appear to charge him with having admitted to the underlying offense in addition to having been convicted of it. Peralta's original Notice to Appear reflected both of the underlying bases for classifying him as seeking admission. In any event, the Government may lodge additional factual allegations against a noncitizen during his removal proceedings. *See* 8 C.F.R. § 1240.10(e).

Peralta does not challenge the BIA's determination that, having been classified as an alien seeking admission, he is deemed removable because the Government had "reason to believe" he was engaged in drug trafficking. 8 U.S.C. § 1182(a)(2)(C); *Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005). And even if Peralta had challenged the Government's determination as to his removability, we would lack jurisdiction to review the final removal order in

this case, except to the extent Peralta raises constitutional claims or questions of law. *See* 8 U.S.C. § 1252(a)(2)(C), (D).

Finally, we note what is not before us on appeal: In his opening brief, Peralta fails to argue that his underlying cocaine offense is not a crime "relating to a controlled substance" as defined by federal law in light of this Court's decision in *United States v. Minter*, 80 F.4th 406 (2d Cir. 2023). Although Peralta briefly raises that argument in his reply brief and a supplemental letter, we deem it abandoned. *Zhang*, 426 F.3d at 541 n.1, 545 n.7; Fed. R. App. P. 28(a)(8)(A).

We recognize that *Lau* is currently pending before the Supreme Court. No. 25-429, 2026 WL 73094. The question presented is whether the Government must prove by clear and convincing evidence that, at the time of reentry, a lawful permanent resident committed an offense listed in § 1182(a)(2) as a necessary condition to classifying him as inadmissible under § 1101(a)(13)(C)(v). *See* Petition for Writ of Certiorari, *Lau*, 2026 WL 73094 (No. 25-429). However that question is resolved by the Supreme Court, the outcome of this appeal would not change. The IJ found that, at the time of reentry, Peralta admitted the essential elements of a federal narcotics offense. That admission alone rendered him inadmissible under § 1182(a)(2), regardless of whether it was permissible for the

IJ to consider subsequent convictions as well. The IJ therefore permissibly concluded that Peralta was inadmissible based on his admission.

We have considered Peralta's remaining arguments and conclude that they are without merit. For the foregoing reasons, the petition for review is DENIED in part and DISMISSED in part. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court